HEATHER E. WILLIAMS, #122664
Federal Defender
NOA OREN, #297900
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
Noa.Oren@fd.org

Attorney for Defendant
LEON RAPISURA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LEON RAPISURA,<br><br>    Defendant. | Case No.  Cr. S. 06-0069-WBS<br><br>PETITION FOR DISCLOSURE OF PROBATION RECORDS PURSUANT TO LOCAL RULE CRIM 32-461<br><br>Date:  February 23, 2015<br>Time:  2:00 p.m.<br>Judge:  Hon. Allison Claire |

Eastern District Local Rule 461 provides that certain probation records are confidential, and that "[a]ny applicant seeking an order authorizing further disclosure of confidential records maintained by the probation office shall file a written petition to the Court establishing with particularity the need for specific information in the records." The Local Rule dissuades counsel from contacting the probation officer directly for release of the records, in favor of the filing of a petition to the Court. Defense counsel has therefore requested that the probation officer bring Mr. Rapisura's records to court this afternoon in anticipation of a contested hearing on his release status. Mr. Rapisura appeared out of custody this morning in front of District Judge Shubb who referred the issue of release to this Court on the duty calendar.

Mr. Rapisura has been out of custody since September on the original violation petition. **His wife is pregnant and due today.** Despite her due date, both she and Mr. Rapisura were in

court this morning before Judge Shubb.  This is because, without counsels' knowledge, a superseding petition had been filed in December asking for his detention for two items: failure to test once in November, and failure to meet with probation several days later.  It is unclear why that petition did not show on the docket until last week.  Because of that petition, Judge Shubb ordered Mr. Rapisura to appear for arraignment this morning and Mr. Rapisura did so.  Mr. Rapisura has requested an evidentiary hearing on the violations and denied them in full.

In arguing for Mr. Rapisura's detention this morning, the government claimed that Mr. Rapisura has been completely out of touch with his probation officer, has failed to test and go to counseling, and is unsupervisable.  Mr. Rapisura denies these allegations.  As Judge Shubb recognized, the accuracy of these representations is key to determining whether Mr. Rapisura may remain out of custody pending his evidentiary hearing.

Mr. Rapisura denies the allegations and wishes to obtain all the exculpatory records that support his denial and affirmatively show his compliance with probation.  These include: records of testing, treatment, meetings, monthly reports, and communications and meetings with his probation officer (as detailed in "chronos").  All these records are in Mr. Rapisura's probation file and present no confidentiality issues to anyone other than Mr. Rapisura.  Importantly, the government and the probation office have no confidentiality interest in these records.  The records are also necessary to cross-examine Mr. Rapisura's probation officer at the upcoming evidentiary hearing.  Accordingly, Mr. Rapisura requests that the Court authorize the probation officer to copy or otherwise make these records available to defense counsel.

All of the above information is critical to establishing that Mr. Rapisura was in substantial compliance with his conditions of supervision.  Thus, this information is critical to the instant hearing on release, as well as the pending revocation hearing.  The Supreme Court has held that "the minimum requirements of due process" applicable to revocation of parole include "disclosure to the parolee of evidence against him." Morrissey v. Brewer, 408 U.S. 471, 489 (1972); United States v. Martin, 984 F.2d 308, 310 (9th Cir. 1993) (holding that the due process requirements for parole revocation under *Morrissey* also apply to supervised release revocation).

See also Fed. R. Crim. P. 32.1(2) (in a revocation hearing, a probationer "is entitled to . . . disclosure of the evidence against" him).  Likewise, the prosecutor has a constitutionally-mandated duty to disclose all evidence favorable to the defendant that is "material either to guilt or punishment."  Brady v. Maryland, 373 U.S. 83, 87 (1963).  The Ninth Circuit has emphasized the importance of giving the supervisee the opportunity to examine the evidence against him, stating, "The more significant particular evidence is to a finding, the more important it is that the releasee be given an opportunity to demonstrate that the proffered evidence does not reflect 'verified fact.'"  Martin, 984 F.2d at 311.  "Society . . . has an interest in not having parole revoked because of erroneous information or because of an erroneous evaluation of the need to revoke parole, given the breach of parole conditions."  Morrissey, 408 U.S. at 484.

Neither the probation office nor the Court has any confidentiality interest in the materials requested above.  In fact, the Court has an interest in ensuring that the pending proceeding is accurate and that it decide the important question of release based on true information. It is respectfully requested that the Court grant the petition and permit the probation office to disclose the above information to defense counsel.  A proposed order is attached for the Court's convenience.

Dated:  February 23, 2015

                                          HEATHER E. WILLIAMS
                                          Federal Defender

                                          */s/ NOA OREN*
                                          NOA OREN
                                          Assistant Federal Defender
                                          Attorney for Defendant
                                          LEON RAPISURA

1 [~~proposed~~] ORDER

Having considered the petition above, and the justification provided for the request for disclosure of each item listed in the petition, the Court hereby authorizes and orders disclosure of the above probation records to defense counsel.

Dated: February 23, 2015

*signature*

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE